UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE BROWN,

      Plaintiff,

v.

BANK OF AMERICA, N.A, successor
by merger to BAC HOME LOANS
SERVICING, LP fka COUNTRYWIDE
HOME LOANS SERVICING and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

      Defendants.

Case No. _____

Hon. _____

Removed from: Oakland County Circuit Court
Case No. 12-126983-CH
Hon. Daniel P. O'Brien

---

**NOTICE OF REMOVAL FROM STATE COURT**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Oakland in the State of Michigan is hereby removed by Defendants Bank of America, N.A. (hereinafter "BANA") and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") (collectively, "Defendants") to the United States District Court for the Eastern District of Michigan, by the filing of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Michigan. As grounds for removal, Defendants state as follows:

1. On or about May 18, 2012, Plaintiff filed an action in the Circuit Court for the County of Oakland, State of Michigan, entitled *Brown v. Bank of America, N.A., et al.*, Case No. 12-126983-CH (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings served upon Defendants in the State Court Action is attached hereto as **Exhibit 1**.

3. Although it is unclear when BANA was first served with the Summons and

Complaint or if BANA was served, the Summons was issued on June 6, 2012. MERS was first served with the Summons and Complaint on June 11, 2012.

4.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within 30 days after Defendants' receipt of the Summons and Complaint.

5.     This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION EXISTS

6.     This Court has original diversity jurisdiction pursuant 28 U.S.C § 1332, because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees.

7.     Plaintiff. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Here, Plaintiff is a resident of Wayne County, Michigan. *See* **Ex. 1, ¶ 1.** Plaintiff does not allege that she has any intention of leaving Michigan. *See* **Ex. 1,** Complaint. Therefore, upon information and belief, Plaintiff is domiciled in the State of Michigan.

8.     BANA. BANA was and is a national banking association. For purposes of diversity jurisdiction, a national banking association is deemed to be a citizen of the state in which it is located. 28 U.S.C. § 1348. A national banking association is "located" in the "State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). According to its Articles of Association, BANA's main office is in the City of

Charlotte, State of North Carolina.  Thus, BANA is not and has never been a citizen of the State of Michigan, within the meaning of 28 U.S.C. § 1332(c).

9.     MERS.  MERS is a Delaware corporation with its principal place of business located in the State of Virginia.  A corporation is deemed a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  MERS, therefore, is a citizen of the State of Virginia and Delaware for purposes of determining diversity.

10.     Thus, complete diversity exists because Plaintiff is a citizen of Michigan, BANA is a citizen of North Carolina, and MERS is a citizen of Virginia and Delaware.

11.     Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys fees.

12.     Although Plaintiff does not identify a sum certain that she is hoping to recover with her Complaint, Plaintiff asks the court, among other things, to "set aside the foreclosure proceedings." *See* **Ex. 1**, ¶ Relief Requested.  The sheriff's deed that Plaintiff seeks to have set aside along with the foreclosure proceedings transferred title to the property for $773,633.27. *See* **Exhibit 2**, Sheriff's Deed.

13.     While Defendants deny the allegations in Plaintiff's Complaint, and deny any liability to Plaintiff whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys fees.

14.     Notwithstanding that the jurisdictional requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to any judgment or relief in her favor.

15.     A Notice of Filing of Removal and a copy of this Notice of Removal from State Court will be filed with the Oakland County Circuit Court as required by 28 U.S.C. § 1446(d). See **Exhibit 3**. Copies of the same will be served upon all counsel of record upon the filing of this Notice.

THEREFORE, Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. hereby remove the State Court Action from the Circuit Court of Oakland County, State of Michigan, to this Court, and request that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State court.

/s/ Mark E. Plaza

Mark E. Plaza
Maddin, Hauser, Wartell, Roth & Heller, P.C.
Attorneys for Defendants
28400 Northwestern Highway, 3rd Floor
Southfield, MI  48034
(248) 354-4030
Attorney Bar No. P66038

DATED:  June 19, 2012                        mplaza@maddinhauser.com

---

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2012, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the foregoing to David A. Chasnick, 42705 Grand River, Suite 201, Novi, MI 48375.

/s/ Mark E. Plaza

Mark E. Plaza
Maddin, Hauser, Wartell, Roth & Heller, P.C.
Attorneys for Defendants
28400 Northwestern Highway, 3rd Floor
Southfield, MI  48034
(248) 354-4030
Attorney Bar No. P66038
mplaza@maddinhauser.com