# EXHIBIT 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>12-126983-CH | MERS *11551976* |

Court address: 1200 N. Telegraph, Pontiac

Court telephone no.

**Plaintiff's name(s), address(es), and telephone no(s).:**
Jacqueline Brown

RECEIVED JUN 11 2012 MERS

**Defendant's name(s), address(es), and telephone no(s).**
Bank of America, NA, Successor by Merger to BAC Home Loans FKA Countrywide Home Loans Servicing, LP

AND

Mortgage Electronic Registration Systems

**Plaintiff's attorney, bar no., address, and telephone no.**
David A. Chasnick (P57097)
42705 Grand River, Suite 201
Novi, Michigan 48375
(248) 912-0024

Received for Filing Oakland County Clerk 2012 JUN 06 PM 02:23

**SUMMONS** | NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>JUN 06 2012 | This summons expires<br>AUG 17 2012 | Court clerk<br>Bill Bullard Jr. |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Rochester Hills | Defendant(s) residence (include city, township, or village)<br>County of Oakland |
|---|---|

| Place where action arose or business conducted<br>Rochester Hills |
|---|

Date: 6/6/12

Signature of attorney/plaintiff: David A. Chasnick

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Received for Filing Oakland County Clerk 2012 JUN 06 PM 02:23

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. 12-126983-CH |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

JACQUELINE BROWN, a single woman

    Plaintiff,

Vs

BANK OF AMERICA, N.A. SUCCESSOR
BY MERGER TO BAC HOME LOANS SERVICING
LP FKA COUNTRYWIDE HOME LOANS
SERVICING, LP and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

    Defendants.
_____/

Case No. 12-    -CH
Honorable

David A. Chasnick (P57097)
Attorney for Plaintiff
42705 Grand River, Suite 201
Novi, Michigan 48375
(248) 912-0024
_____/

## COMPLAINT

Now comes Plaintiff by and through her attorneys, David A. Chasnick and Margaret F. Terrasi and for her Complaint states as follows:

1. Plaintiffs Jacqueline Brown is an individual residing in the City of Detroit, County of Wayne.

2. Defendant Bank of America (hereinafter "Bank of America") is a foreign depository banking institution doing business in the County of Wayne, State of Michigan.

3. Defendant Mortgage Electronic Registration Systems, Inc, is a foreign corporation, commonly known as "MERS" is a mortgage trade facilitation and conducts business in the County of Wayne, State of Michigan.

4. This lawsuit involves mortgage foreclosure proceedings relative to real property located in the City of Rochester Hills, County of Oakland, State of Michigan with the legal description of:
Lot 105 Knollwood Hills Subdivision No. 4, as recorded in Liber 195, Page 4 and 5 of plats, Oakland County Records, commonly known as 490 Cherry Tree Lane, Rochester Hills, Michigan.

5. That on or about March 27, 2006, Plaintiff purchased the home as described above.

6. That at the time of this sale, Countrywide was the original lender with the original mortgagor as American.

7. At this time, MERS was also named in the mortgage as nominee.

8. Plaintiff complied with the terms of this mortgage and note, including making monthly payments.

9. On or about September 30, 2009, MERS assigned the Mortgage to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP, as recorded at Liber 41522, Page 706.

10. In February 2011, foreclosure proceedings were commenced.

11. On or about August 23, 2011, a Sheriff sale was held.

12. Plaintiff did not receive any notice of foreclosure proceedings or of the Sheriff sale.

13. At the Sheriff's sale, Bank of America, NA Successor by Merger to BAC Home Loan Servicing LP, FKA Countrywide Home Loans Servicing, allegedly bought the property back.

## Count I
### Defective Foreclosure

14. Plaintiff realleges the allegations set forth in Paragraphs 1 through 13.

15. The foreclosure proceedings instituted by Defendant Bank of America were defective and invalid, because Defendant Bank of America did not meet requirements of MCLA 600.3204, which governs who may institute a foreclosure by advertisement.

16. MCLA 600.3204(1)(d) states that a party foreclosing a mortgage by advertisement must be either: the owner of the indebtedness, or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

17. The Defendant Bank of America does not meet said criteria.

18. The chain of ownership of Plaintiff's mortgage and note is as follows:
    a. Countrywide was the original mortgagor with MERS as nominee.
    b. MERS assigned the mortgage to BAC.
    c. The note was never assigned, only the mortgage.
    d. Defendant Bank of America is now the assignee of the mortgage only.

19. Defendant Bank of America is not the owner of this indebtedness.

20. Defendant Bank of America is not an assignee of an interest in the indebtedness.

21. Defendant has not provided a copy of a valid assignment.

22. The Sheriff's deed is defective and invalid, as it incorrectly infers Defendant Bank of America has rights that it does not have.

23. The Sheriff's deed is defective in conveying to Defendant Bank of America, who is also not the owner of the debt and does not meet requirements.

24. The Sheriff's deed is defective in that Defendant Bank of America did not pay the amount of the bid.

25. If the transfer and/or assignment is invalid, the mortgage itself and the sale is void and unenforceable as:

   a. Bank of America does not possess any rights to enforce the underlying indebtedness;
   b. Bank of America cannot foreclose as I does not meet the requirements of MCL 600.3402(1);

## Count II
### Defective Notice

26. Plaintiff realleges the allegation set forth in Paragraphs 1 through 25.

27. Based upon information and belief, Plaintiff believes that Defendants began foreclosure proceedings against their mortgage by advertisement.

28. A foreclosure by advertisement is a statutory remedy.

29. The Notice of Foreclosure sale identified Bank of America as the mortgagor.

30. The Notice states that MERS assigned the mortgage to Bank of America. The notice makes no reference to the date of the assignment or any identification of recoding the assignment.

31. The Mortgage was recorded with the Oakland County Register of Deeds.

32. Bank of America improperly attempted to foreclose by advertisement, failing to follow statute.

33. The Notice of Foreclosure Sale was not posted on the Premises as required by statute.

34. The Notice of Foreclosure Sale was not mailed to the premises, as required by the mortgage documents.

35. Defendants failed to substantially comply with the terms and provisions of the statute for foreclosure by advertisement.

36. The foreclosure sale of August 2011 was not properly conducted as required by law.

37. Bank of America lacked the authority to foreclose, because Bank of America never owned any interest in the underlying debt.

38. Bank of America lacked the authority to foreclose because Bank of America never had an equitable interest in the Note.

### Count III
### Breach of Contract

39. Plaintiff realleges the allegations set forth in Paragraphs 1 through 38.

40. By entering into the Mortgage, Plaintiff entered into a contract.

41. Every contract contains an implied covenant of good faith and fair dealing.

42. Defendant Bank of America breached its obligation to act in good faith and fair dealing by:

    a. Bank of America or its agents participated in and allowed improper assignments of the mortgage and mortgage note.
    b. Bank of America or its agents failed to disclose to Plaintiffs it lack of ownership of the indebtedness.
    c. Bank of America or its agents failed to act in good faith in processing loan modification processes.

43. That at all times during the foreclosure proceedings, Plaintiff would have repeatedly expressed his desire to retain his home.

44. Plaintiff seeks issuance of a Temporary Restraining Order for reasons that the redemption expired and that without the order, he will suffer irreparable harm in losing interest in his home.

45. Plaintiff does not know, but has a right to know who was and who is currently in physical possession of his contract.

46. Plaintiff does not know, but has a right to know whether the Note has been sold or transferred to any other person, and if so the identity and dates of the transfer.

47. Plaintiff has the right to know the identity of all individuals who are entitled to receive payments under the contract.

48. Plaintiff has a right to know the identity of all persons who have a right to enforce the Note.

Wherefore, Plaintiffs request this Honorable Court grant the following relief:

a. That the Court set aside the foreclosure proceeding;

b. That this Court order Defendant Bank of America to commence a fair and honest loan modification process.

c. That this Court consider this complaint for the immediate issuance of a Temporary Restraining Order, ordering a stay of all foreclosure proceedings including transfer of title.

d. Order Defendants to identify the person who has physical possession of the Note, who claims to have right to receive payments and who can enforce the Note;

e. That this Court order any other relief which this Court deems fair, reasonable and just.

    f.  This Court award Plaintiff costs and attorney fees.

                Respectfully submitted,

By: *David A. Ch——*
David A. Chasnick (P57097)
Attorney for Defendant
42705 Grand River, Suite 201
Novi, Michigan 48375
(248) 912-0024

Dated: May 11, 2012



**Oakland County® Michigan**

Search　　　　　　　　　　　
Local Info　Advanced Search　View Cart

| County Home | Info A-Z | Departments | Jobs | Online Services |

Find Services For:

Electronic Praecipe > Create

## Do not click the Back Button on your browser
## Praecipe submitted successfully

Click **here** to print the submitted Praecipe. To enter a new Praecipe, click **here**.

### TO BE FILED WITH THE CASE MANAGEMENT OFFICE BY 4:30 P.M. ON OR BEFORE WEDNESDAY PRECEDING MOTION DAY
### PRAECIPE FOR MOTION AND MISCELLANEOUS DOCKET

STATE OF MICHIGAN
The Circuit Court for the County of Oakland
1200 N. Telegraph Rd., Dept. 404, Pontiac, MI 48341-0404

Case Number: 2012-126983-CH

(YYYY-123456-XX)

Plaintiff BROWN, JACQUELINE,　　v.　　Defendant BANK OF AMERICA

Judge: DANIEL P. O'BRIEN

Summary Disposition Motion: ☐

Motion Date: Wednesday, 6/20/2012

Motion Title: Motion for Temporary Restraining Order

YOUR MOTION WILL NOT BE SCHEDULED IF YOU DO NOT COMPLETE EITHER #1 OR #2 BELOW:

⦿ 1. I hereby certify that I have made personal contact with Defendants on 6/1/2012, requesting concurrence in the relief sought with this Motion and that concurrence has been denied.

OR

○ 2. I have made reasonable and diligent attempts to contact counsel requesting concurrence in the relief sought with this motion on _____.

Is this a re-praecipe?
⦿ No　○ Yes

Notice: If this motion has been praeciped with no one appearing, the judge has an option of sanctioning parties or dismissing your motion.

Attorney: David A. Chasnick
Phone: (248)912-0024
Moving Party: Plaintiff
Date: 6/5/2012 3:20:42 PM

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

JACQUELINE BROWN, a single woman

    Plaintiff,

Vs                                        Case No. 12-126983-CH
                                             Honorable Daniel P. O'Brien

BANK OF AMERICA, N.A. SUCCESSOR
BY MERGER TO BAC HOME LOANS SERVICING
LP FKA COUNTRYWIDE HOME LOANS
SERVICING, LP and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

    Defendants.
_____/

David A. Chasnick (P57097)
Attorney for Plaintiff
42705 Grand River, Suite 201
Novi, Michigan 48375
(248) 912-0024
_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Defendant's Motion for Temporary Restraining Order is to be heard before this Court on June 20, 2012 at 8:30 am or as soon thereafter as counsel may be heard.

                                       Respectfully submitted,

By: *David A. Ch[signature]*
David A. Chasnick (P57097)
Attorney for Plaintiff
42705 Grand River, Suite 201
Novi, Michigan 48375
(248) 912-0024

Dated: June 6, 2012

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

JACQUELINE BROWN, a single woman

      Plaintiff,

Vs                                 Case No. 12-126983-CH
                                 Honorable Daniel P. O'Brien

BANK OF AMERICA, N.A. SUCCESSOR
BY MERGER TO BAC HOME LOANS SERVICING
LP FKA COUNTRYWIDE HOME LOANS
SERVICING, LP and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

      Defendants.
_____/
David A. Chasnick (P57097)
Attorney for Plaintiff
42705 Grand River, Suite 201
Novi, Michigan 48375
(248) 912-0024
_____/

**MOTION FOR A TEMPORARY RESTRAINING ORDER AND SHOW CAUSE**

Plaintiff requests that this court issue a temporary restraining order and an order to show cause why a preliminary injunction should not be issued pursuant to MCR 3.310 for the following reasons and those outlined in the attached brief in support:

    1. On May 16, 2012, Plaintiff filed a verified complaint with the court.

    2. As stated in Plaintiff's verified complaint, Defendants fraudulently foreclosed on Plaintiff's property.

    3. At a termination of tenancy hearing on May 3, 2012, the Court issued an Order that Bank of America may evict the Plaintiff as of May 14, 2012. **(See Exhibit 1)**

    4. Plaintiff has filed this lawsuit as Bank of America is not a lien holder in this matter.

    5. With a possible eviction pending anytime after May 14, 2012, Plaintiff and her family continue to reside in the home with this threat.

6. As stated in Plaintiff's verified complaint, unless Defendants are enjoined from district court eviction proceedings, Plaintiff will be irreparably harmed.

7. Plaintiff has no adequate remedy at law.

8. Plaintiff wants to proceed with this case to ensure she is able to save her home.

9. Any delay in the issuance of a temporary restraining order until the hearing on a preliminary injunction will result in the following immediate and irreparable harm: **Plaintiffs will be evicted and lose their home.**

Plaintiff requests that this court order the following:

1. Defendant is enjoined and restrained, whether alone or in concert with others, including any officer, agent, representative, and/or employee from proceeding with foreclosure proceedings on Plaintiff's property, 490 Cherry Tree Lane, Rochester Hills, Michigan.

2. This order shall remain in full force and effect until this court specifically orders otherwise.

3. Defendant shall show cause before this court on 6/20/12 at 8:30, or as soon thereafter as counsel may be heard, why a preliminary injunction should not be ordered according to the terms and conditions set forth above.

Respectfully submitted,

By: David Chasnick

David A. Chasnick (P57097)
Attorney for Plaintiff
42705 Grand River, Suite 201
Novi, Michigan 48375
(248) 912-0024

Dated: May 14, 2012