UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE BROWN, a single woman

    Plaintiff,

Vs

BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

    Defendants.

Case No. 12-cv-12685
Honorable Robert H. Cleland
Magistrate Judge R. Steven Whalen

| David A. Chasnick (P57097) | Mark E. Plaza (P66038) |
|---|---|
| Attorney for Plaintiff | Attorneys for Defendants |
| 42705 Grand River, Suite 201 | 28400 Northwestern Hwy, 3rd Floor |
| Novi, Michigan 48375 | Southfield, MI 48034 |
| (248) 912-0024 | (248) 354-4030 |

## PLAINTIFFS' BRIEF IN RESPONSE TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

# TABLE OF AUTHORITIES

**Cases**

*Arim v General Motors Corp*, 206 Mich App 178; 520 NW2d 695 (1994)....................10

*Bassett v Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ..................5

*Gage v Sanborn*, 106 Mich 269, 279, ;64 NW 32 (1895) ..................5

*Hope Land Mineral Corporation v Christian*, 225 Mich App 43 at 48 (1997)....................7

*Jones v City of Cinncinati*, 521 F.3d 555, 562 (6th Cir. 2008) ..................5

*Kim v JP Morgan Chase*, 295 Mich App 200, 813 NW2d 778 (2012)....................8, 10

*Langley v Chase Home Finance LLC*, No. 10-604, 2011 WL 1130926 at *2 n.2 (W.D. Mich Mar 28, 2011) ..................8

*Manufacturers Hanover Mortgage Corp v Snell*, 142 Mich App 548, 553; 370 NW2d 401, 404 (1985)....5

*Manufacturers Hanover Mortgage Corporation v Snell*, 142 Mich App 548 at 553 (1985)....................7

*Reid v Rylander*, 270 Michi 263, 267; 258 NW2d 630(1935) ..................6

*Rippy ex rel. Rippy v Hattaway*, 270 F3d. 416, 419 (6th Cir. 2011) (citing *Mayer v Mylod*, 988 F.2d 635, 638 (6th Cir. 1993))..................5

*Saglioccolo v Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)) ..................5

*Wysocki v Int'l Bus. Mach. Crop.*, 607 F3d. 1102, 1104 (6th Cir. 2010)..................5


**Statutes**

MCL 600.5801(1) ..................6

MCL 600.3204 ..................3, 8, 9

MCL 600.3204(3) ..................9

MCL 600.3205(a)..................12

## I. INTRODUCTION

This is a case of wrongful foreclosure in which Defendants cannot under any showing demonstrate that they had the requisite chain of title to make the foreclosure valid under MCL 600.3204. In addition, the crux of Defendant's argument is that Plaintiffs lack standing to challenge an illegal and fraudulent foreclosure sale because the redemption period has expired. The remaining arguments essentially flow from the wrongful foreclosure which is the crux of the claims against Defendants

## II. STATEMENT OF FACTS

On or about March 27, 2006, Plaintiff secured a loan and mortgage on their property located at 490 Cherry Tree Lane, Rochester Hills, MI 48306. **Exhibit A**. This mortgage was recorded with the Oakland County Register of Deeds on April 17, 2006 at Liber 37424, Page 100. Subsequently on September 30, 2009 the mortgage was assigned to BAC Home Loans Servicing, LP ("BACHLS"). **Exhibit B**. This Assignment was recorded with the Oakland County Register of Deeds on October 2, 2009 at Liber 41522, Page 706. In approximately mid -2011 BACHLS merged into Bank of America, N.A. but the property was never again assigned.

In 2011, Defendant claims that Plaintiff defaulted on the note with no requisite proof of same. And despite payments including partial payments that were not accounted for Defendant accelerated the loan and began foreclosure proceedings in January, 2011 with its first publication. **Exhibit C**. Ultimately, the property was sold at sheriff sale and referenced that the property was assigned to Bank of America, NA, successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP even though when the assignment was executed the merger between BACHLS and BANA had not even occurred. **Exhibit D**. The

3

failure to record this or execute any assignment accordingly is what led to the filing of this action.

### III. Argument

**Standard of Review**

Consideration of a motion to dismiss under 12(b)(6) is confined to the pleadings. *Jones v City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v Int'l Bus. Mach. Crop.*, 607 F3d. 1102, 1104 (6th Cir. 2010).

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v Hattaway*, 270 F3d. 416, 419 (6th Cir. 2011) (citing *Mayer v Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as trues, and all reasonable inferences are drawn in favor of plaintiffs. *Bassett v Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A] judge may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations." *Saglioccolo v Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

#### A. THE FACT THAT THERE IS A SHERIFF SALE AND REDEMPTION HAS EXPIRED DOES NOT LIMIT PLAINTIFF'S RIGHTS TO CHALLENGE A WRONGFUL FORECLOSURE

Defendant argues that a court cannot look past the sheriff deed at summary disposition. This is categorically false and contrary to all case law.

4

First the Supreme Court has long held that the mortgagor may hold over after foreclosure and test the validity of the sale in a summary proceeding. *Manufacturers Hanover Mortgage Corp v Snell*, 142 Mich App 548, 553; 370 NW2d 401, 404 (1985)(citing *Reid v Rylander*, 270 Mich 263, 267; 258 NW2d 630(1935); *Gage v Sanborn*, 106 Mich 269, 279, ;64 NW 32 (1895)). "Otherwise the typical mortgagor who faces an invalid foreclosure would be without remedy, being without financial means to purse the alternate course of filing an independent action to restrain or set aside the sale." *Ibid*.

The Defendant's argument must be rejected. Further, Defendant fails to cite the key sentence in relying on *Reid* which states, "The burden was on Plaintiff to establish his right to possession, and this required evidence of compliance with every statutory provision relative to the foreclosure by advertisement" *Reid v Rylander*, 270 Mich 263, 267; 258 NW2d 630(1935). In this case, there is zero argument that the statutory provisions of the foreclosure by advertisement have not been met and Plaintiff is permitted to challenge them in this proceeding. To say that the foreclosure sale cannot be challenged and cite no case law to support this argument is a fallacy of Defendant's that does not exist. Further, Defendant cannot prove its burden to establish possession by showing the compliance with the statutory provisions of the foreclosure by advertisement statute and therefore they are not entitled to take possession of the property away which **possession by Plaintiff remains**.

**B. THE FACT THAT THE REDEMPTION PERIOD IS OVER DOES NOT VOID PLAINTIFF'S RIGHT TO POSSESSION AND TO CHALLENGE THE FORECLOSURE SALE WHEN PLAINTIFF STILL POSSESSES THE PROPERTY**

Here again, Defendants argue that because the redemption period expired Plaintiff cannot challenge after the redemption period which is also contrary to Michigan law.

Defendants argue that Plaintiff's claim is barred since no action was taken until after the redemption period. This is more of an argument of standing. Along this way many courts have lost sight of and forgot that there is a five year statute of limitations to challenge the validity of foreclosure proceedings. Nevertheless, MCL 600.5801(1) remains the unabrogated and unrepealed law in Michigan. It states:

> "No person may bring or maintain any action for the recovery or possession of any lands or make an entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section....(1) When the defendant claims title to the land in question by or through some deed made upon the sale of the premises...**by a sheriff upon a mortgage foreclosure sale the period of limitation is 5 years.**

MCL 600.5801(1)

The five year limitation statute's express application to mortgage foreclosure has been clearly articulated:

> "...the five year limitation period in MCL 600.5801(1); MSA 27A.5801(1) is not limited solely to situations in which the validity of the foreclosure proceedings is challenged.

*Hope Land Mineral Corporation v Christian*, 225 Mich App 43 at 48 (1997). This case is no different.

Defendants' argument is simply incorrect. The Michigan Supreme Court has long held that the "mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding...Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale." *Manufacturers Hanover Mortgage Corporation v Snell*, 142 Mich App 548 at 553 (1985), citing *Reid v Rylander*, 270 Mich 263 (1935). The unabrogated common law of Michigan stated in *Reid v Rylander* still

6

holds that the mortgagor may hold over in landlord-tenant court to test the validity of foreclosure by advertisement. A mortgagor may challenge the validity of the foreclosure by advertisement when holding over in Landlord-Tenant Court after the redemption period has expired.

There is no merit to that argument that Plaintiff cannot challenge title. First the Defendants' argument relies on an incorrect notion of standing. District Judge Robert Jonker in *Langley v Chase Home Finance LLC*, No. 10-604, 2011 WL 1130926 at *2 n.2 (W.D. Mich Mar 28, 2011) aptly explained Defendants' mistake:

> Many Defendants suggest that the basis for the ruling in *Overton* is a lack of Plaintiff's standing once the redemption period expires, but the Court of Appeals does not actually say this. Nor would it seem like Article III standing could possibly be in doubt. After all Plaintiffs in such cases are the last lawful owner and possessor of the property. Moreover, they often remain in continuing possession of the property notwithstanding any Sheriff's sale and expiration of a redemption period. Moreover, Plaintiffs in such cases claim a continuing right to lawful ownership and possession based on defects in the process used by Defendants to divest them of those rights. This certainly seems to satisfy the basic Article III requirement of "injury in fact," as well as any prudential considerations tied to a "zone of interests" analysis. Indeed, it is hard to imagine a person with a better claim to standing to challenge the process at issue.

*Langley*, 2011 Wl 1130926 at *2 n. 2.

It is abundantly clear from both the statute and case law cited that Plaintiff has not been divested of the title simply because redemption period has expired. *See Opinion from Rainey v US Bank* attached as **Exhibit E**.

### C. **Plaintiff's Claim of Wrongful Foreclosure demonstrates that the Foreclosure is Void pursuant to Statue**.

Defendant argues inadequately that the claim of Plaintiff for wrongful foreclosure fails on the merits. The issue is that the mortgage was assigned to BACHLS only and then BACHLS merged into BANA and no other assignment was ever recorded. Despite, Defendants argument, Plaintiff in no way is challenging the assignment itself but is challenging a lack of proper chain

7

of title required for a foreclosure under MCL 600.3204 where BANA failed to file an assignment of the mortgage after its merger. This failure is fatal.

This demonstrates a break in the chain of title and a wrongful foreclosure pursuant to MCL 600.3204 and specifically, *Kim v JP Morgan Chase*, 295 Mich App 200, 813 NW2d 778 (2012).

Foreclosures by advertisement are governed by statute. Pursuant to MCL 600.3204, a party may foreclose a mortgage by advertisement if all of the following circumstances exist:

> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted at law, to recover the debt secured by the mortgage or any part of the mortgage; or if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

MCL 600.3204(1).

However, most notably, MCL 600.3204(3) states that "If the party foreclosing a **mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.**" [E.S.]

MCL 600.3204(3).

The invalidity of the foreclosure is rooted in MCL 600.3204(1)(d)'s requirement that the party foreclosing the mortgage must either own the indebtedness or an interest in the indebtedness. This case presents the similar issue that was addressed in the *Kim* case cited above. In *Kim*, JP Morgan purchased assets from Washington Mutual Bank, who had undergone receivership with the FDIC. The Court applied strict statutory construction to the wording of

8

MCL 600.3204(3) and decided that the statute, "makes no exception for the mortgage interest acquired 'by operation of law.'" Although required through a purchase of assets, the Court in *Kim* found that "pursuant to the plain language of MCL 600.3204(3), defendant was required to record its interest prior to the sheriff sale. This case is no different. BANA merged "by operation of law" or purchased the assets of BACHLS when they merged. Therefore, when BACHLS merged into BANA—the only way to prove ownership of the indebtedness was for BANA to then file an assignment of mortgage from BACHLS as a result of the merger. This failure by BACHLS and BANA is fatal. See *Kim v JP Morgan Chase*, 295 Mich App 200, 813 NW2d 778 (2012).

In addition, the fraud of BANA is evident throughout as in the Sheriff Deed, it lists that the property was assigned to BANA as successor for BACHLS. However, this was completely false as the assignment never mentioned BANA because BACHLS was the only party at the point. So BANA initiating the foreclosure was impossible when it was devoid of any interest whatsoever in the mortgage at the time of the foreclosure sale.

### D. Plaintiff has stated a valid claim of fraud and conversion and Defendant is not the Holder in Due Course

Again Defendant argues that fraud cannot be used to defeat the foreclosure but ignores the fact that because of its misrepresentations, Plaintiff was paying loan money to someone that was not entitled to payment of same. Fraud under Michigan law requires that (1) defendants made a material representation (2) it was false (3) when defendants made it, defendants knew that it was false or made recklessly without knowledge of its truth or falsity (4) defendants made it with the intent that plaintiffs would act upon it (5) plaintiffs acted in reliance upon it (6)

9

plaintiffs suffered damages. *Arim v General Motors Corp*, 206 Mich App 178; 520 NW2d 695 (1994).

Defendant attempts to say that there were no false representations but do not show that it was truthful. The note was sold at execution of same. Therefore, all this time, Plaintiff has been making payments to someone, BANA claiming it was entitled to payment of same when it was never the holder of the note nor has it proven that it was the servicer and entitled to payment. This absconding of the payments on the basis that Plaintiff is entitled to same is not only fraud but conversion also.

Plaintiff argues that BANA could not convert a note it already owned. **THIS IS COMPLETE FRAUD UPON THE COURT AND A FALLACY**. The note was never owned at any time by BANA. At one As such the sums have been converted, stolen and not credited to Plaintiff's account. The Defendant cannot dispute this as it fails to attach any accounting knowing that same would be an issue in this case. Therefore, taking the facts as true, the court cannot consider anything but the fact that the payments of Plaintiff have been absconded by Defendant without any further discovery or evidence to the contrary.

It would be unjust for Defendant to argue that BANA has proven that it is the holder of the note. Instead BANA argues that the status of the holder does not affect the foreclosure but ignores that it was accepting money as the "holder" when it was not actually the same. There is no answer denying this, no documentation denying this and to simply claim that this does not set aside a foreclosure sale does nothing to diminish the fact that Plaintiff is entitled to damages under these counts for fraudulent conduct, conversion and because Defendant accepted money on a note it was not entitled to receive and did not credit Plaintiff for the same.

### Defendant violated MCL 600.3205(a).

Defendant agrees MCL 600.3205(a) requires that foreclosure cannot take place until after a modification meeting has been conducted. Defendants argue that this did not occur with no proof whatsoever for such claim. Again the proof is lacking. Plaintiff alleges in her complaint that she requested a modification meeting and that never happened so foreclosure is not valid. Defendant argues that it was not timely requested but again there is no evidence to prove that it was not requested timely and this at least is a question of fact relative to another statutory condition precedent that is necessary for a valid foreclosure. Plaintiff claims it never happened despite the request and therefore, this motion cannot be granted on this basis nor can the foreclosure be valid when Plaintiff requested a modification meeting.

### E. Plaintiff Holds Superior Title

Plaintiff makes a prima facie case for quiet title by alleging that he acquired the property. But for the wrongful foreclosure title and possession (which Plaintiff still holds) is maintained by Plaintiff. Thus, a claim for a quiet title exists because the last proper title not acquired improperly remains with Plaintiff.

### F. Accounting

Plaintiff is also entitled to a claim for accounting. Again, Defendant misconstrues the claim as one that attempts to set aside the sheriff sale. The payments made by Plaintiff for all the years after execution of the mortgage have not been accounted for and Plaintiff has the right to know where the payments were applied.

### G. Plaintiff has Violated the Consent Order

A consent order was entered between a case brought by the Federal Trade Commission and Country Wide and BACHLS. Despite arguments to the contrary, this agreement relates to all loans of BACHLS and Countrywide and does not limit itself to California loans. **Exhibit F**.

11

Section 6 of the order mandates that BACHLS is enjoined from initiating foreclosure if there are non-frivolous disputes and requires the lender to investigate same. In this action, Plaintiff has made numerous complaints from accounting to improper foreclosure, to not providing notice. All of which were made to BACHLS prior to the foreclosure. The failure to then investigate by Defendants is in violation of the order and enjoins this foreclosure.

## Conclusion and Relief Sought

Plaintiff has set forth several counts that invalidate the foreclosure sale, namely the wrongful foreclosure by statute and the failure to comply with conditions precedent and statutory requirements to effectuate the foreclosure. In addition, there are numerous other claims that deal with financial loss that Defendant attempts to construe under the theory that those claims cannot set aside the sheriff sale. Plaintiff is not interested in arguing whether they do or not but even if they do not, they still set forth valid claims for damages including the right to know where the payments on the note were made and how they were not applied. In those counts including fraud entitle Plaintiff to damages which this motion of Defendant cannot be used to dismiss. As such for all the reasons above including the fact that Plaintiff has standing to challenge the foreclosure, Plaintiff requests that Defendant's motion be denied.

Respectfully submitted,

Dated: November 13, 2012

By /s/ David A. Chasnick
David A. Chasnick (P57097)
Attorneys for Plaintiff
42705 Grand River, Suite 201
Novi, Michigan 48375
(248) 912-0024

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, I served a copy of PLAINTIFFS' BRIEF IN RESPONSE TO MOTION TO DISMISSPLAINTIFF'S FIRST AMENDED COMPLAINT upon counsel of record via ECF.

I declare that the above is true to the best of my information, knowledge and belief.

/s/ David A. Chasnick
David A Chasnick
