**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JACQUELINE BROWN,

    Plaintiff,

v.                                                        Case No. 12-12685

BANK OF AMERICA, N.A.,

    Defendant.

                                                        /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Jacqueline Brown asserts against Defendant Bank of America, N.A., an array of claims, each arising from the foreclosure of Plaintiff's mortgage and the foreclosure sale of Plaintiff's residence. Defendant moves to dismiss. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2).

Plaintiff purchased a house in Rochester Hills, Michigan; Countrywide Bank, N.A., issued Plaintiff a mortgage, which Countrywide later assigned to BAC Home Loans Servicing, LP ("BAC"). (Compl. 3, Dkt. # 7.) Defendant submits a certificate of merger, a public record, establishing that BAC and Defendant merged in July, 2011. (Dkt. # 13, Ex. C.) Defendant submits also a sheriff's deed, a public record, which evidences (1) a default and foreclosure, (2) notice to both the public and Plaintiff of the foreclosure and of a scheduled foreclosure sale, and (3) an August 23, 2011, foreclosure sale. (Dkt. # 13, Ex. D.) At the time of the sale, Plaintiff owed more than the original amount of the mortgage, (*id.*); Michigan law therefore allowed Plaintiff six

months to redeem the property.  Mich. Comp. Laws § 600.3240(8).  The redemption deadline passed on February 23, 2012.  Plaintiff began this action on June 6, 2012.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

After the redemption deadline passed, Plaintiff lost her rights, title, and interest in the property.  *See Collins v. Wickersham*, 862 F.Supp.2d 649, 654 (E.D. Mich. 2012); *see also* Mich. Comp. Laws § 600.3236; *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942); *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997).  Because Plaintiff lacks an interest in the property, no claim arising from Plaintiff's loss of the property can succeed absent "a strong case of fraud[,] irregularity, or some peculiar exigency."  *Steinberg v. Fed. Home Loan Mortg. Corp.*, ___ F.Supp.2d ____, 2012 WL 4498297, *2 (E.D. Mich. Sept. 28, 2012); s*ee, e.g.*, *Collins*, 862 F.Supp.2d at 654-55; *Awad v. Gen. Motors Acceptance Corp.*, 2012 WL 1415166 (Mich. Ct. App. Apr. 24, 2012); *Schulthies v. Barron*, 167 N.W.2d 784 (Mich. Ct. App. 1969).[1]  Plaintiff's attempts to allege fraud, irregularity, or peculiarity each fail.

Plaintiff contends that Defendant needed to record an assignment of the mortgage when Defendant and BAC merged.  Without an assignment, Plaintiff argues,

---

[1] Plaintiff proposes that *Manufacturers Hanover Mortgage Corp. v. Snell*, 370 N.W.2d 401 (Mich. Ct. App. 1985), allows Plaintiff to "test the validity of the sale."  (Pl.'s Resp. 5, Dkt. # 16.)  But *Snell* invokes *Reid v. Rylander*, 258 N.W.2d 630, 631 (Mich. 1935), and *Reid* allows a mortgagor merely to challenge in a summary proceeding the propriety of the sale process.  This action is neither a summary proceeding nor (except in passing) a challenge to the sale process; it is "a collateral attack on the mortgage and the foreclosure itself."  *Steinberg*, ___ F.Supp.2d ____, 2012 WL 4498297 at *3.

Defendant cannot establish a chain of title, and the foreclosure therefore violated Michigan Compiled Laws § 600.3204(3).  The argument fails because the entity produced by a merger "step[s] into the shoes of the entity that held the mortgage before the merger."  *Gregory v. CitiMortgage, Inc.*, ___ F.Supp.2d ____, 2012 WL 3985119, *6 (E.D. Mich. Sept. 11, 2012).  Plaintiff also claims that Defendant lacked an interest in the mortgage when the foreclosure sale occurred, but the certificate of merger pre-dates the foreclosure sale.

Plaintiff asserts that Defendant committed fraud.  The assertion stands mainly on the erroneous claim that the merging of BAC and Defendant created a break in the chain of title.  Plaintiff says Defendant "absconded" with money and committed "complete fraud upon the court," (Pl.'s Resp. 10, Dkt. # 16), but no supporting facts appear.

The amended complaint states that Defendant "must begin[] the foreclosure process anew" because Defendant failed to comply with Michigan Compiled Laws § 600.3205a-c.  The sheriff's deed includes an affidavit of compliance with Section 600.3205.  More importantly, Section 600.3205c provides only one remedy, conversion of a foreclosure by advertisement to a judicial foreclosure.  *Steinberg*, ___ F.Supp.2d ____, 2012 WL 4498297 at *5; *Dingman v. OneWest Bank, FSB*, 859 F.Supp.2d 912, 922 (E.D. Mich. 2012).  No conversion can occur now; the property was sold.  Plaintiff claims Defendant committed other wrongs during the sale process, but

3

the claims are convoluted and perfunctory.[2]  Plaintiff fails to allege a "strong case" of irregularity.

Plaintiff contends that Defendant's conduct violated a consent order from an action between BAC and the Federal Trade Commission.  (Dkt. # 7, Ex. C.)  Plaintiff offers no legal authority and no argument in support of her attempt to act as a third-party beneficiary of the consent order.  *See Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992) ("A consent decree is not enforceable . . . by those who are not parties to it.") (quotation omitted).  In any event, Plaintiff cites a clause of the consent order requiring BAC (and now Defendant) to investigate a "non-frivolous dispute" raised by a mortgagor.  Plaintiff raises no "non-frivolous dispute."

When the redemption period expired, Plaintiff lost her chance to challenge the foreclosure.  Plaintiff retains no interest in the property, and nothing in Plaintiff's papers suggests the presence of the exceptional circumstances needed to continue this action.  Accordingly,

IT IS ORDERED that Defendant's motion to dismiss [Dkt. # 13] is GRANTED.  This action is DISMISSED WITH PREJUDICE.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

---

[2] At points the claims even appear to conflict.  For example, Plaintiff says she received no notice of the foreclosure sale, but she states also that Defendant proceeded with foreclosure despite several complaints from Plaintiff.  (Am. Compl. ¶ 75, Dkt. # 7.)  Plaintiff never explains how she failed to learn of the foreclosure sale even though she was regularly complaining to Defendant.

Dated: December 13, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 13, 2012, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522